**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CLINTON OSBORNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CASE NO. 3:06-1148** |
| **v.** | ) | **JUDGE CAMPBELL/KNOWLES** |
| | ) | |
| | ) | |
| **GEORGE M. LITTLE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust administrative remedies filed by Defendants George Little, John Fisher, Roland Colson, Jim Dickman, and Donald Dunaway.[1]  Docket Entry No. 32.  In support of their Motion, Defendants have contemporaneously filed a Memorandum of Law arguing that Plaintiff's cause of action must be dismissed because he did not file any grievances and hence, failed to exhaust his administrative remedies, as required by law.  Docket Entry No. 33.

Plaintiff has filed a Response to Defendants' Motion arguing, *inter alia*, that "there were no administrative remedies available to exhaust" because filing grievances would have been "futile" because Defendants "cannot be reasonably expected to fully and fairly investigate themselves." Docket Entry No. 39.  Plaintiff also contends that he requested grievance forms, but never received them, and that he was "told that his cause was not grievable." *Id.*

---

[1] Defendant Amanda Sluss has filed a separate Motion to Dismiss in which she seeks to join the instant Motion and accompanying Memorandum.  Docket Entry No 35.

1

Defendants have filed a Reply, reiterating that the exhaustion of administrative remedies is a mandatory predicate to filing suit in federal court. Docket Entry No. 41.

This is a pro se, in forma pauperis action, filed pursuant to 42 U.S.C. § 1983. Docket Entry No. 1. Plaintiff alleges violation of his Fourteenth Amendment rights. *Id.* Plaintiff seeks compensatory and punitive damages, as well as costs. *Id.*

Defendants argue that this action must be dismissed because Plaintiff has failed to exhaust his administrative remedies. Defendants are correct in their assertion that a Plaintiff must exhaust all available administrative remedies before filing a claim under § 1983 or any other federal law. 42 U.S.C. § 1997e(a). *See also, e.g., White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *Wyatt v. Leonard*, 193 F.3d 876, 878 (6th Cir. 1999). The Prison Litigation Reform Act of 1995 provides in pertinent part as follows:

> (a) **Applicability of Administrative Remedies**.
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

With regard to this provision, the Sixth Circuit has stated:

> The statutory language, "no action shall be brought" until all available remedies are "exhausted," should be interpreted to mean precisely what is obviously intended – that a federal court should not prematurely "decide" the merits of any such actions.

*Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

2

Furthermore, the U. S. Supreme Court has held that, "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *See Porter v. Nussle,* 534 U.S. 516, 520, 122 S.Ct. 983, 986 (2002). As the *Porter* Court stated:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. . . . In other instances, the internal review might "filter out some frivolous claims." . . . And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.
>
> . . .
>
> For the reasons stated, we hold that the PLRAs exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

122 S.Ct. at 988, 992 (citations omitted).

In the case at bar, Plaintiff has not plead exhaustion in his Complaint. Plaintiff, however, is no longer required to do so. *See Jones v. Bock*, 127 S.Ct. 910, 919 (2007). Instead, Defendants have raised Plaintiff's lack of exhaustion as an affirmative defense. As has been noted, Plaintiff does not contend that he filed grievances and exhausted his administrative remedies. Rather, Plaintiff contends that "there were no administrative remedies available to exhaust" because, 1) he requested grievance forms, but did not receive them, 2) he "was told that his cause was not grievable," and 3) filing grievances would have been "futile" because "Defendants, as key players in the cause, cannot be reasonably expected to fully and fairly investigate themselves." Docket

Case 3:06-cv-01148   Document 42   Filed 09/11/07   Page 3 of 5 PageID #: 150

Entry No. 39.

The Supreme Court has held that "there is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Bock*, 127 S.Ct. at 918-919. With regard to Plaintiff's contention that he somehow exhausted his administrative remedies because he requested grievance forms, but did not receive them, the Sixth Circuit has held that a prisoner who argued that exhaustion was futile because he was not given requested grievance forms failed to demonstrate that he had exhausted his administrative remedies. *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001).[2]

With regard to Plaintiff's contention that filing grievances would have been "futile" because Defendants "cannot be reasonably expected to fully and fairly investigate themselves," the Sixth Circuit has observed that any subjective belief on Plaintiff's part as to what the outcome might have been had he filed grievances "hardly excuses [his] failure to exhaust." *Boyd v. Corrections Corp. Of America*, 380 F.3d 989, 998 (6th Cir. 2004), *citing Thomas v. Woolum* 337 F.3d 720, 733 (6th Cir. 2003)("Exhaustion ... requires a plaintiff to bring a grievance to the state before coming to federal courts even when the state has made clear that it will not grant the relief requested."); *Edwards v. Alabama Dep't of Corrs.*, 81 F.Supp. 2d 1242, 1256-57 (M.D. Ala. 2000)("Regardless of their chances of success using the defendants' grievance procedures, the PLRA requires the plaintiffs to exhaust them.") Accordingly, the exhaustion of administrative remedies is mandatory, even if proceeding through the administrative system would appear to the prisoner to be "futile." *Apanovich*

---

[2] In the case at bar, Plaintiff avers that he requested grievance forms "on several occasions," but he was never given the requested forms, and, because he was on "lock down," he was unable to secure them for himself. In *Smith*, the Court recognized that an inmate could file a grievance "without a form," and that an averment that plaintiff had asked for a grievance form but was denied the form, did not constitute exhaustion of administrative remedies.

4

*v. Taft* 2006 WL 2077040, *2 (S.D. Ohio 2006), *citing Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999); *Hartsfield v. Vidor,* 199 F.3d. 305, 308-310 (6th Cir. 1999).

As the Sixth Circuit has held, "an inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *Hartsfield*, 199 F.3d at 309. Before he can pursue his claim in federal court, Plaintiff must file the appropriate grievances and pursue the grievance process through the final level of appeal. *See, e.g., Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999). Plaintiff has failed to do so.

Because Plaintiff has failed to exhaust his administrative remedies, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED, and that this action be DISMISSED WITHOUT PREJUDICE.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge